UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 07-14 S |
| | : | |
| NORBERTO NUNEZ | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Norberto Nunez ("Defendant") is in violation of the terms of his supervised release and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was conducted on July 16, 2007. At that time, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms of his supervised release. Based on that admission, I find that Defendant has violated supervised release. For the reasons stated herein, I recommend that Defendant be sentenced to a term of imprisonment for five (5) months to be followed by a term of supervised release for thirty-one (31) months.

**Background**

On October 17, 2003, Defendant appeared before the Honorable John Gleeson in the Eastern District of New York after pleading guilty to importation of heroin into the United States, a Class C felony, and was sentenced to thirty-seven months incarceration, thirty-six months supervised release and a $100 special

assessment. Judgment of 10/20/03[1] at 1-3. Supervised release commenced on March 25, 2006, with an expiration date of March 24, 2009. Transfer of Jurisdiction Order of 1/24/07 (Document ("Doc.") #1).

On January 24, 2007, based on new criminal conduct that constitutes a portion of this violation, Defendant's jurisdiction was transferred to the District of Rhode Island. Id. On or about June 21, 2007, U.S. Probation Officer David S. Borrelli ("U.S.P.O. Borrelli") initiated a Petition for Warrant for Offender under Supervision (Doc. #3) (the "Petition"), alleging that Defendant had violated two conditions of his supervised release. See Petition at 1-2. In response to the Petition, U.S. District Judge William E. Smith ordered the issuance of a warrant, see id. at 2, and on July 16, 2007, Defendant appeared on the warrant before this Magistrate Judge to answer to the Petition, see Docket.

**The Violation**

The Supervised Release Violation Report (the "Report") alleges that Defendant has violated the following conditions of supervision in the manner indicated:

**Standard Condition: While on probation, Defendant shall not commit another federal, state, or local crime. Defendant shall not illegally possess a controlled substance.**

On December 23, 2006, Defendant was in possession of cocaine as evidenced by his May 21, 2007, conviction in Providence Superior Court. As to this violation, on December 23, 2006, Providence police officers observed Defendant operating a motor vehicle on Elmwood Avenue in Providence without headlights during the early morning hours. As Defendant pulled into a gas station,

[1] The Judgment is included in a group of documents received from the United States District Court for the Eastern District of New York which are collectively identified as Document ("Doc.") #2.

the officers activated their overhead lights and pulled in front of his vehicle. As the officers walked toward the vehicle, Defendant attempted to flee and was immediately taken into custody. When the officers searched Defendant, they discovered a clear plastic bag containing cocaine.

On January 4, 2007, Defendant met with U.S.P.O. Borrelli and admitted to the criminal conduct. According to Defendant, he had met a young woman at a local club, and she asked that he purchase some cocaine for her. After he purchased the cocaine, the Providence Police Department stopped Defendant's vehicle and found the cocaine. Defendant was released on his personal recognizance. On May 21, 2007, Defendant pled nolo contendere to possession of cocaine in Providence Superior Court and was sentenced to eighteen months probation and assessed $788 in fees.

**Standard Condition #11: Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

Defendant was arrested on December 23, 2006, for possession of cocaine and failed to reveal this information to the probation office within seventy-two hours. On January 3, 2007, U.S.P.O. Borrelli received a Federal Bureau of Investigation Flash Notification which indicated that Defendant had been arrested. After being contacted telephonically, Defendant admitted to U.S.P.O. Borrelli that he had been arrested on December 23, 2006.

**Travel**

On June 25, 2007, Judge Smith ordered the issuance of a warrant for Defendant to appear to answer to the Petition. See Petition at 2. The warrant was executed, and Defendant appeared before this Magistrate Judge on July 16, 2007. At that time Defendant was advised of the Petition and of the grounds for the alleged violation. Defendant, both personally and through counsel, waived a violation hearing and admitted to the

violation. This admission satisfied the Court that there was an adequate basis for finding that Defendant had violated the conditions of supervision. After receiving sentencing recommendations from both the Government and the defense and hearing from Defendant personally, the Court stated that it would recommend a sentence of five months imprisonment and that it would issue a report and recommendation. This is that Report and Recommendation.

## Law

### Statutory Provisions

Section 3583(e)(2) of Title 18 of the United States Code ("U.S.C.") provides that if the court finds a defendant to be a violator of the conditions of supervised release, the court may extend the term of supervised release if less than the maximum authorized term was previously imposed and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Fed. R. Crim. P. relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. In this case, the maximum term of supervised release is life.

Pursuant to § 3583(e)(3) of Title 18 of the U.S.C., the court may, after considering certain statutory factors set forth in § 3553(a), revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Fed. R. Crim. P. applicable to revocation of supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release.

However, a defendant whose term is revoked under this paragraph may not be required to serve more than two years in prison if the offense that resulted in the term of supervised release was a class C felony. Here Defendant was on supervision for a Class C felony. Thus, he may not be required to serve more than two years imprisonment upon revocation.

Section 3583(h) of Title 18 of the U.S.C. provides that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release (here life), less any term of imprisonment imposed upon revocation of supervised release. See id.

**Sentencing Guidelines**

Section 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of (A) conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one

violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. In this case, Defendant has committed a Grade B violation.

Pursuant to §7B1.3(a)(1) of the U.S.S.G., upon a finding of a Grade A or B violation, the court shall revoke supervised release. Since Defendant has committed a Grade B violation, the Court shall revoke supervision.

Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(1) states that where the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision, which allows for alternatives for any portion of the minimum term, applies to this matter.

According to §7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time

of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.3(g)(2) of the U.S.S.G. provides that where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. See id. (citing 18 U.S.C. § 3583(h)). In this case, the authorized statutory maximum term of supervised release is life. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Pursuant to §7B1.4(a) of the U.S.S.G., the criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision. In this instance, Defendant had a criminal history category of I at the time of sentencing. The Revocation Table contained in §7B1.4(a) of the U.S.S.G. provides that, for a Grade B violation with a criminal history category of I, an imprisonment range of four to ten months is warranted.[2]

---

[2] The Court of Appeals for the First Circuit has held that Chapter 7 policy statements (including §7B1.4) are advisory rather than mandatory. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 (1st Cir. 2001); United States v. O'Neil, 11 F.3d 292, 302 n.11 (1st Cir. 1993).

Section 7B1.5(b) of the U.S.S.G. states that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered for time previously served on post-release supervision.

## Disposition

**Recommendations By Government**

The Government, represented by Assistant U.S. Attorney Peter F. Neronha, recommended a sentence of eight months imprisonment to be followed by twenty-eight months of supervised release. In support of this recommendation, the Government noted the following aggravating circumstances: that this is Defendant's second drug offense (he was originally convicted of importing heroin); that he told the probation officer that he was buying cocaine for another person and, thus, it appears Defendant possessed the cocaine with intent to distribute; that he attempted to flee from the police; and that he did not reach out to U.S.P.O. Borrelli after he was arrested.

**Defendant's Recommendation**

Defense counsel, David A. Cooper, recommended that Defendant be placed on home confinement for four months. In making this recommendation, Mr. Cooper noted that Defendant had completed tractor trailer training school; that he had obtained a commercial driver's license ("CDL"); that he had purchased a truck for $9,000.00; and that he was gainfully employed driving that truck. As support for these statements, Mr. Cooper submitted copies of an enrollment agreement with the New England Tractor Training School dated June 14, 2006; an Entry-Level Driver Training Certificate dated June 21, 2006; a bill of sale dated January 30, 2007, from Ray's Truck Sales Inc. for a 1999 FRH truck; and various invoices, settlement sheets, and photocopies of checks, reflecting income earned by Defendant in June and July of 2007 as a result of driving his truck.

Defense counsel noted that the quantity of cocaine Defendant possessed was very small as evidenced by the fact that Defendant had received probation in the state superior court for the offense. According to defense counsel, Defendant would have received a diversionary disposition but he was found ineligible for that program. Defense counsel noted that Defendant had waived a violation hearing and admitted to the violation, yet the Government's recommendation was near the high end of the guideline range. He opined that this seemed to be inconsistent with the Government's general practice of recommending the low end of the guideline range in cases where a defendant pleads guilty.

With regard to the facts giving rise to the instant violation, defense counsel suggested that Defendant had not intended to engage in new criminal activity, but had been induced to do so as a result of a request from a young woman whom he met in a club. As for the failure to inform the probation officer of the arrest, defense counsel stated that Defendant had been held in custody after being arrested until December 24, 2006, and suggested that this circumstance and the subsequent intervening holidays may have made it difficult for Defendant to contact the probation officer. Lastly, defense counsel noted that Defendant had acknowledged to the probation officer on January 4, 2007, that he had been arrested and that the delay in notifying the probation officer was only two weeks, a relatively brief period of time.

Defendant was given the opportunity to speak. He stated that he just wanted the opportunity to keep working and supporting his child.

**Court's Recommendation**

Sentencing is always a difficult issue, and it is particularly difficult in this case. Aside from the instant

violation, Defendant appears to have made significant progress in rehabilitating himself. He has improved his education, acquired a valuable skill, and become gainfully employed.

On the other hand, even accepting the explanation that Defendant obtained the cocaine for the purpose of furthering his relationship with a young woman, Defendant exercised exceedingly bad judgment in acceding to such a request. Given the fact that he was on probation for a serious drug offense, his failure to immediately reject it and break off contact with the woman indicates that he still does not understand the harm which results from drug use and the perils of associating with persons who are involved in the drug culture.

As for Defendant's failure to notify his probation officer of his arrest, the Court rejects the suggestion that Defendant was unable to do so after his release from custody because of the intervening holidays. It seems far more likely that Defendant hoped that his arrest would not be detected and that this is the explanation for his silence on the matter.

The Court must consider the effect which the sentence it recommends for Defendant will have on other defendants who are on supervised release or probation. If the sentence suggests that the consequences of possessing cocaine or of failing to report a new arrest are relatively minor, other defendants will not be deterred from such violations. In short, a sentence of home confinement for the instant violations will not satisfy the need for deterrence. A sentence of imprisonment is necessary, although the Court concludes that it should be less than the eight months recommended by the Government.

It is the practice of this Magistrate Judge to give a slight reduction in the sentence recommended where a defendant has waived a violation hearing and admitted his guilt. Defendant has done this and, thus, qualifies for this reduction which in the

context of this case warrants a reduction of one month in the sentence recommended by the Government.

Defendant also appeared voluntarily for the violation hearing after being released in New Jersey. This action favorably impresses the Court as it indicates that Defendant can be responsible and trustworthy. Defendant must have known that he faced the possibility of being sent back to prison for the violation. His willingness to appear and face the consequences for his actions is conduct which should be encouraged both in Defendant and in other defendants. Accordingly, I find that an additional two month reduction in the sentence recommended by the Government is warranted.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that Defendant be sentenced to five (5) months imprisonment to be followed by a term of supervised release for thirty-one (31) months. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 24, 2007